## HEARING BEFORE MAYOR UNDER LOCAL OPTION LAW.

### Circuit Court of Cuyahoga County.

IN THE MATTER OF THE HEARING, ETC., BEFORE HON. TOM L. JOHNSON, MAYOR.

### Decided, November 1, 1909.

*Liquor Laws—Wet and Dry Petitions May Be Remanded for Hearing by Mayor—No Further Notice Required—Forty Day Limitation for Hearing Directory Only.*

1. When an order made by a mayor on a hearing on a wet and dry petition has been reversed by the circuit court for irregularity in making the order, the petition may be remanded and may be heard by the mayor.
2. In such case the mayor is not required to publish further notice of hearings to be had on such petition.
3. The provision of law that such petitions shall be heard in not more than forty days after they are filed with the mayor is directory only.

*Bentley & Arnos,* for plaintiff.
*Shaw, Sawyer & Shaw,* contra.

MARVIN. J.,; WINCH, J., and HENRY, J., concur.

This case is before us on motion for leave to file a petition in error to a finding of Tom L. Johnson, mayor of Cleveland, on a petition filed with him under the statute found in the 98th volume of Ohio Laws, at page 68, *et seq.* This statute provides that after two years from the time when it has been found, by proper proceeding, that the sale of intoxicating liquors within a certain residence district is unlawful, a majority of the qualified electors may file a petition with the mayor against the prohibition of the sale of intoxicating liquors as a beverage within such district. By an amendment to this act found in the 99th O. L., at pages 52 and 53, it is provided that the filing of such petition as has already been mentioned, shall not prevent the filing of a petition for the prohibition of the sale of intoxicating liquors within such district, and it further provides that when two are

filed, that which has the signatures of the greatest numbers of electors shall be granted, and that the territory containing the greatest number of resident electors shall have precedence in the hearing.

By proper proceedings it had been found that in a certain district in the city of Cleveland the sale of intoxicating liquors should be prohibited. After more than two years thereafter, certain electors did file a petition against such prohibition. This was done on the 4th day of February. 1909, and the petition was numbered 38. As required by the statute the mayor fixed the time for the hearing of this petition on the 11th of February, 1909. Before the 11th of February, a petition was filed with the mayor by Richard Newton and others, asking for prohibition in this district, and this was numbered 39. The hearing of petition No. 38 was continued from the 11th of February to the 23d, and from then to the 24th of February. Notice of the filing of this petition No. 38, and of the time of its hearing was given in the newspapers, as provided by law. On the 24th day of February the vice-mayor heard the petition No. 38, No. 39 being then pending, but not yet heard. The vice-mayor on the hearing on the 24th of February held petition No. 38 sufficient, and an order to that effect was made. Error was prosecuted in this court to this finding and the judgment already made under it was reversed. It was not in terms ordered by the court upon such reversal that the case be remanded to the mayor for further proceedings, but in the announcement by the court of the reversal, it was so ordered.

The grounds upon which the reversal was placed were that the vice-mayor had no jurisdiction, and that No. 38 could not be lawfully heard until No. 39 had been heard. Thereafter, the mayor heard No. 39 and found it insufficient, and then on the 21st of July, 1909, he set No. 38 for hearing on the 30th of July, and on that day heard it, and found it sufficient, and a petition in error is presented to us with a motion that it may be allowed to be filed. If error was committed by the mayor and that error is manifest on the record this motion should prevail and we should allow the petition to be filed, but we have reached the

conclusion that there is nothing set out in the petition in error which would justify a reversal of the order made by the mayor.

It it said that the mayor lost all control of petition No. 38 when this court reversed the order made by the vice-mayor on that petition, because it is provided by the statute that the circuit court shall have final jurisdiction in the matter. It is manifest that the circuit court by finding that the petition had been prematurely heard, even if heard by the right party, did not undertake to pass upon the merits of the petition; certainly when this court found that the hearing by the vice-mayor was a nullity it did not finally determine whether it should have been granted or not have been granted when heard by the proper officer, so that it is clear that this petition No. 38 was still before the mayor for hearing after the action of the circuit court. Before the mayor undertook to hear No. 38, No. 39 was out of the way, so that the objection as to precedence was gone. As to the matter of notice, the mayor had given the notice required by law for the original hearing. There was no authority under the statute to give another notice. As a matter of fact, however, Richard Newton, who prosecutes this proceeding in error, had actual notice of the time of the hearing, because he was present at the hearing, as appears by the record.

A further claim is made that as the mayor was without jurisdition to hear this petition because more than forty days had elapsed from the time of its filing before such hearing was had, and this is based upon the language of the statute which is that:

"Such mayor * * * shall cause a certified copy or certificate of his findings together with the original petition to be filed with the clerk of the municipal corporation or counsel in not less than five days after such findings and not more than forty days from the filing of the petition with the mayor."

There can be no doubt that this language is directory and not mandatory. To hold otherwise would put every petition filed by either those desiring to prohibit or those desiring to prevent prohibition in peril, because if the mayor were unable to hear the petition within the time directed by reason of his health, by reason of other duties, or for any other reason that

would prevent his hearing the same, the petition was absolutely good for naught.

This clearly was not intended, and we reach the conclusion that this petition in error ought not to be filed, because upon an examination of the case, if it were permitted to be filed, we should be required to affirm the action of the mayor.